UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LT. COLONEL RICHARD L. MILLER ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DR. JAMES G. ROCHE, ) <br> SECRETARY OF THE AIR FORCE ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 03-1742 (RMC) |

## MEMORANDUM OPINION

Lieutenant Colonel ("LTC") Richard L. Miller, United States Air Force (Ret.), filed this suit on August 15, 2003, under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, seeking an appointment to Senior Service School ("War College"). Due to an inadequate record, this Court granted LTC Miller's motion for summary judgment in part. *See Miller v. Roche*, No. 03-1742, 2004 WL 3257070, at *8 (D.D.C. Nov. 4, 2004). The case was remanded to the Air Force for further consideration by a Special Selection Board ("SSB"). Thereafter, the Air Force submitted the full SSB report and moved for summary judgment in its favor.

LTC Miller voluntarily retired from the Air Force on June 1, 2005. The Air Force now moves to dismiss.[1] It argues that the case is moot as LTC Miller is no longer eligible for the relief sought. LTC Miller opposes the motion.

---

[1] The Court will construe Defendant's Supplemental Response Brief Regarding Effect of Plaintiff's Voluntary Retirement and Pending Mandatory Retirement Dates as a Motion to Dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## I. BACKGROUND

The background to the current dispute is fully described in the Court's November 2004 decision and will not be repeated here. For purposes of the issues presented by the Air Force's motion, it is enough to state that LTC Miller was retired by early retirement in 1994, due to his having been twice non-selected to the rank of lieutenant colonel. He challenged his nonselection and retirement and was reinstated in May 1999. An SSB promoted him to lieutenant colonel with an effective date of March 1, 1994. LTC Miller petitioned the Air Force Board of Corrections of Military Records ("Corrections Board") to direct his selection for the War College. The Corrections Board instead convened an SSB in September 2002 to consider LTC Miller's candidacy. The SSB compared LTC Miller's record and those of officers who were actually selected for the War College in 1993.[2] The SSB did not select him for the training. LTC Miller again petitioned the Corrections Board in February 2003 for a direct appointment to the War College, but that request was again denied. He filed suit in August 2003, seeking appointment to the in-residence War College. Compl. ¶ 21 (seeking an "order that Plaintiff be assigned to SSS [Senior Service School] within ten days of the date of [a court] order").

LTC was born in 1945 and turned 60 in 2005. He voluntarily retired from the Air Force on June 1, 2005.

As a condition of attending the War College, officers must agree to serve a minimum of three more years in service. Under 10 U.S.C. § 1251 (2000), all Air Force officers except medical officers and permanent professors at the Air Force Academy must retire on the first day of the month

---

[2] Because of the gap in service in LTC Miller's service record, it was not possible to compare his record to 2000 candidates for the War College. LTC Miller argues vociferously that the SSB did not have his complete service before it.

following the officer's 62nd birthday.  There are no waiver provisions for officers below the rank of Major General.  *Id.*  Retirement is usually mandatory after 28 years of active commissioned service, regardless of age, although this can be waived by the Secretary of the Air Force.  LTC Miller would reach 28 years of service, had he remained in the Air Force, in March 2007.  He will turn 62 in December 2007 and would be required to retire due to his age on January 1, 2008.

## I.  LEGAL STANDARD

A motion to dismiss should not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994).  The threshold determination in resolving a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support his or her claims.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1984), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, which governs motions to dismiss for lack of subject matter jurisdiction, a plaintiff bears the burden of establishing by a preponderance of the evidence that the court possesses jurisdiction.  *See Fitts v. Federal Nat. Mortg. Ass'n,* 44 F. Supp. 2d 317, 320 (D.D.C. 1999), *aff'd*, 236 F.3d 1 (D.C. Cir. 2001); *Pitney Bowes, Inc. v. United States Postal Serv.*,  27 F. Supp.2d 15, 19 (D.D.C. 1998).  In reviewing a motion to dismiss under Rule 12(b)(1), the court must accept the allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  However, it is well established that a court is not limited to reviewing the allegations set forth in the complaint, "but may also consider material outside of the pleadings in its effort to determine whether the court has jurisdiction in the

case." *Alliance For Democracy v. Federal Election Com'n*, 2005 WL 503729, at *3 (D.D.C. May 4, 2005); *see Lockamy v. Truesdale*, 182 F. Supp. 2d 26, 30-31 (D.D.C. 2001); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13-14 (D.D.C. 2001).

## II. ANALYSIS

The Air Force argues that the case is moot and that LTC Miller no longer has standing to continue to prosecute it. Each issue will be addressed in turn.

### A. Mootness

The Air Force contends that because of LTC Miller's voluntary retirement, he is no longer eligible to attend the War College, and the question sought to be adjudicated has therefore been rendered moot. The Court agrees. "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983) (citing *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974)); *see* U.S. Const. Art. III, § 2, cl. 1. Furthermore, it is well established that "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *Evangelical Lutheran Church v. INS*, 288 F. Supp. 2d 32, 50 (D.D.C. 2003).

To be eligible for the War College, an officer must be on Active Duty or on Active Status within the Reserves. *See* Plaintiff's Supplemental Reply Brief Regarding the Effect of Plaintiff's Voluntary Retirement and Pending Mandatory Retirement Dates ("Pl.'s Reply"), Ex. 1 (Air Force Instruction 36-2301, Personnel, Professional Military Education, June 27, 2002). As a retiree, LTC Miller is ineligible.[3] An order from the court requiring the Air Force to convene a new

---

[3] Lt. Col. Miller notes that "[o]bviously [he] voluntarily retired. He is not challenging the retirement." Pl.'s Reply at 3.

SSB would not grant any apparent remedy to LTC Miller because he no longer meets the criteria for War College candidates and could not be appointed to the War College, no matter how impressed the SSB might be with his credentials.

LTC Miller takes issue with this conclusion. He argues that the Corrections Board has the authority to correct a service record in any fashion it sees fit, even after retirement. He asserts that he is entitled to constructive relief by the Corrections Board, if actual relief is no longer possible. *See Bates v. United States*, 34 Ct. Fed. Cl. 51 (1995). "So what Plaintiff is asking for is that this Court tell the Air Force to do another SSB which allows for Plaintiff to present his entire record for [War College] consideration." Pl.'s Reply at 3. If he were selected for the War College and could not attend because of age or retirement or length of service, LTC Miller argues that he could then seek constructive relief from the Corrections Board.

LTC Miller's reliance on *Bates v. United States* is misplaced. In that case, the Court of Federal Claims awarded "constructive" service credit because the Army had erroneously forced LTC Bates to retire early. With his "constructive" service credit, LTC Bates could claim a full 20 years of service *and* the increased retirement benefits that went with it. However, the court's power to grant non-monetary relief, *i.e.*, constructive service credits, existed only because LTC Bates was entitled to a monetary award. *See Bates*, 34 Ct. Fed. Cl. at 53 ("The court's power to grant non-monetary relief is circumscribed, however. This relief must be incident of and collateral to the award of a money judgment.") (citations omitted). LTC Miller is not entitled to any monetary award and suggests none. Thus, the court's decision in *Bates* is simply inapposite.

Because LTC Miller has voluntarily retired and is no longer eligible for consideration for theWar College, the Court finds that this case is moot.

### B. Standing

In addition to his claim being moot, LTC Miller no longer has standing to pursue his claim because it is not subject to redress by a favorable court order. To satisfy Article III's standing requirements,

> [T]he plaintiff must have suffered an "injury in fact"- - an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.' " . . . Second, there must be a causal connection between the injury and the conduct complained of - - the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court. . . . Third, it must be "likely" as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations omitted). When a favorable decision would not redress the injury, a case must be dismissed. *See Wilderness Society v. Norton,* No. 05-5032, 2006 WL 89195, at *4 (D.C. Cir. Jan. 17, 2006) ("The redressability inquiry poses a simple question: '[I]f plaintiff[] secured the relief [] [he] sought, . . . would it redress [][his] injury?'") (citing *Mountain States Legal Found. v. Glickman*, 92 F.3d 1228, 1233 (D.C. Cir. 1996)).

A favorable decision by this Court will not grant LTC Miller the relief that he seeks. As noted above, all candidates for War College selection *must* be on Active Duty or Active Status in the Ready Reserve. LTC Miller is no longer on active duty and the Court cannot order his reinstatement to the Air Force because his retirement was fully voluntary. *See Taylor v. FDIC*, 132 F.3d 753, 767 (D.C. Cir. 1997) (finding that the court lacked jurisdiction to reinstate employees that voluntarily resigned). Thus, the Court cannot issue an order that would make him eligible for consideration by an SSB.

Any relief that is available to LTC Miller would be contingent upon action by the

Secretary of the Air Force, who would first have to reinstate him to active duty so that he could even be considered by a selection board. However, LTC Miller's years of military service and age conspire against him. Officers who enter the War College must serve for at least three years following school attendance. *See* Pl.'s Reply, Ex. 1, at Table 2. By law, LTC Miller can remain in the service for 28 years of active commissioned service, or until March of 2007, unless the Secretary of the Air Force waives this retirement provision. *See* 10 U.S.C. § 633. However, even if the Secretary would waive that particular retirement provision, the fact remains that LTC Miller is approaching his mandatory retirement date due to age, and would be required to retire on January 1, 2008 – shortly after his 62nd birthday. *See* 10 U.S.C. § 1251(a). This mandatory age-based retirement provision cannot be waived for officers below the rank of Major General. *Id*. at 1251(b). Accordingly, LTC Miller cannot complete the three-year service requirement after War College. This inescapable arithmetic renders LTC Miller ineligible for consideration for the War College.

Because the Court can issue no order in LTC Miller's favor that would redress his alleged injury, he lacks standing to continue this suit.

### IV. CONCLUSION

After long service for his country and its citizens, LTC Miller wants the satisfaction of knowing that he had the credentials to attend the War College. If he were selected by an SSB, he might attempt to fashion a "constructive" remedy from the Corrections Board because his retirement, length of service, and age prevent his actual attendance. However, because of his retirement, length of service, and age, he is not eligible for consideration for admission into the War College in the first place. The Court cannot make it so.

Accordingly, this case will be dismissed. A separate order accompanies this memorandum opinion.

DATE: February 10, 2006.

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

Accordingly, this case will be dismissed. A separate order accompanies this memorandum opinion.

DATE: February 10, 2006.

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

-8-